UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

               **MEMORANDUM & ORDER**
v.                18-CR-588 (WFK)

BEVERLEY CANDIS CRAIG,

      Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 31, 2019, Beverley Candis Craig ("Defendant") pled guilty to Count One of a two-count Indictment, charging her with importing 500 grams or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(2)(B)(ii). Original Plea Agreement ¶ 1, ECF No. 21; *see generally* Indictment, ECF No. 6. On March 8, 2023, Defendant withdrew her guilty plea and pled guilty to a lesser-included offense under Count One, in violation of 21 U.S.C. §§ 952(a), 960(b)(3). Amended Plea Agreement ¶ 1, ECF No. 34. The Court now sentences Defendant and provides a complete statement of reasons, under 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to a non-custodial sentence of time served with no period of supervision and a $100.00 mandatory special assessment.

## I. Background

On October 5, 2018, Defendant flew from Port of Spain, Trinidad and Tobago, to Queens, New York. Sealed Presentence Investigation Report ("PSR") ¶ 4, ECF No. 22. Customs and Border Protection ("CBP") officers searched Defendant's baggage upon her arrival at John F. Kennedy International Airport. *Id.* Defendant appeared nervous during the search, her travel records reflected multiple short trips to different entry points of the United States, and she provided a false reason for travelling to the United States on her current trip. *Id.* Defendant stated she was traveling to the United States for her grandmother's funeral, but CBP noted her airline ticket was purchased before her grandmother's death. *Id.*

Defendant consented to an x-ray examination, which revealed the presence of foreign bodies in her person. *Id.* ¶ 5. Defendant subsequently passed approximately ninety-nine (99)

1

pellets containing cocaine, with a total net weight of 950 grams. *Id.* She was arrested the same day. *Id.* ¶ 6.

*Procedural History*

On October 30, 2018, a grand jury returned a two-count Indictment against Defendant. Indictment, ECF No. 6. On July 31, 2019, Defendant pled guilty to Count One of the Indictment, charging her with importing 500 grams or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(2)(B)(ii). Original Plea Agreement ¶ 1, ECF No. 21. On March 8, 2023, Defendant withdrew her guilty plea and pled guilty to a lesser-included offense under Count One, in violation of 21 U.S.C. §§ 952(a), 960(b)(3). Amended Plea Agreement ¶ 1, ECF No. 34. Pursuant to the updated plea agreement, Defendant agreed not to file an appeal or otherwise challenge her sentence if the Court imposed a term of imprisonment of thirty-three (33) months or below. *Id.* ¶ 4.

**II.    Legal Standard**

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors

under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first Section 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

##### 1. *Family and Personal Background*

Defendant was born on February 3, 1983, in Linden, Guyana. Sealed PSR ¶ 27. Her mother is a home health aide residing in Brooklyn, New York. *Id.* ¶ 27. Her father is an engineer residing in Maryland. *Id.* ¶ 27. Defendant's mother was in high school when she became pregnant with Defendant. *Id.* ¶ 28. Defendant's father left Guyana for the United States around the time of her birth. *Id.* He was not present during her childhood and did not provide financial support. *Id.* Defendant met her father for the first time in 2005; they have not communicated since. *Id.*

3

Defendant grew up impoverished in Guyana. *Id.* As a young child, Defendant lived with her mother, stepfather, two stepsiblings, and two younger siblings. Sealed Forensic Evaluation of Dr. Patrice Francois ("Forensic Evaluation") at 2, Ex. A to Def. Sent'g Mem., ECF No. 49-1. Defendant was physically and verbally abused by her mother and stepfather. *Id.*; Sealed PSR ¶ 29. Her stepfather frequently hit her in the head, leaving a scar on her scalp. Sealed Forensic Evaluation at 2. Defendant attributes problems with her vision to her stepfather's beatings. *Id.* He did not hit his own children with the same frequency or intensity. *Id.*

When she was six years old, Defendant was raped by a male family member. *Id.* When she was eight years old, Defendant's mother left her stepfather and Defendant moved in with her maternal aunt. Sealed PSR ¶ 29. While living with her aunt, Defendant witnessed her uncle sexually abusing his daughter. *Id.* ¶ 31; Sealed Forensic Evaluation at 2. She reported the incident to her aunt, who did not believe her. Sealed PSR ¶ 31; Sealed Forensic Evaluation at 2. Thereafter, Defendant's uncle took to beating Defendant with wooden hangers and, on one occasion, pinned her against the wall and groped her. Sealed PSR ¶ 31; Sealed Forensic Evaluation at 2. He threatened to kill Defendant if she told anyone. Sealed PSR ¶ 31.

Around the same time, Defendant attempted suicide by ingesting several pills, resulting in an extended hospital stay. Sealed Forensic Evaluation at 3. A counselor at the hospital learned of Defendant's abusive family environment. *Id.* Defendant ultimately returned to her aunt's home with ongoing monitoring from her counselor. *Id.*

Defendant currently lives with her mother, daughter (age 14), and two roommates in Brooklyn, New York. Sealed PSR ¶ 32. Defendant, her mother, and roommates are congregants of the same church, which secured their housing. *Id.* Defendant is on good terms with her mother, who is aware of the instant case and supportive. *Id.* ¶ 29. Defendant is very close with

her daughter, who is healthy and attending school in Brooklyn. *Id.* ¶ 33; *see also* Sealed Letter of Chaplain Fraser-Hall, Ex. E to Def. Sent'g Mem., ECF No. 49-5.

### 2. *Educational and Employment History*

Defendant attended Christian Burke School in Linden, Guyana. *Id.* ¶ 44. She lost about a year of schooling from her suicide attempt and left school before completing her degree. Sealed Forensic Evaluation at 3. She worked various jobs in Guyana, including in food service, housekeeping, interior decorating, catering, and as a youth counselor. *Id.* From 2002 to 2003, Defendant attended a floral-arrangement class at Carnegie Floral School in Georgetown, Guyana. Sealed PSR ¶ 43. In 2005, she completed a six-month catering course at Denise Catering School in Linden, Guyana. *Id.* ¶ 42.

Following her arrest for the instant offense, Defendant has worked intermittently as a caretaker and nanny. *See id.* ¶¶ 46–48; Sealed Addendum to PSR at 4, ECF No. 41. She is enrolled in GED courses at the Brooklyn Public Library. *Id.* ¶ 41.

### 3. *Prior Convictions*

Defendant has no prior criminal history. Sealed PSR ¶ 21.

### 4. *Physical and Mental Health*

Defendant underwent a comprehensive diagnostic assessment on April 28, 2022. Sealed Second Addendum to PSR at 4; *see generally* Sealed Forensic Evaluation. She was diagnosed with post-traumatic stress disorder (PTSD) and academic or educational problems. *Id.*; Sealed Forensic Evaluation at 7. Cognitive testing demonstrated impaired attention, mental speed, and information processing. Sealed Forensic Evaluation at 7.

In 2015, a former romantic partner intentionally infected Defendant with HIV. *Id.* at 5. She began taking HIV medication in December 2021. *Id.* Defendant also endorsed a history of asthma and vision problems. *Id.*

### 5. *Substance Abuse*

Defendant has no history of alcohol or drug abuse. Sealed PSR ¶ 40.

### 6. *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

## B. The Need for the Sentence Imposed

The second Section 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's conduct, which involved the importation of cocaine into the United States. At the same time, the Court acknowledges Defendant's minimal role in the charged offense. *See* Sealed Second Rev. Prob. Sent'g Rec. at 2, ECF No. 50-1. Defendant was coerced into importing cocaine by gang members in Guyana, who showed Defendant videos of "snitches" being physically and sexually mutilated, who surveilled and threatened to kidnap and harm Defendant's daughter, and who generally controlled Defendant's movements. Sealed Second Addendum to PSR at 5; Sealed Forensic

Evaluation at 7–9. In Defendant's own words, "it's a death sentence. You can't say no." Sealed Forensic Evaluation at 8.

The Court's sentence is sufficient to deter Defendant and others from engaging in similar conduct, punish Defendant for her crimes, and protect the public. It is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

### C. The Kinds of Sentences Available

The third Section 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3). Defendant pled guilty to importing cocaine in violation of 21 U.S.C. §§ 952(a), 960(b)(3). Amended Plea Agreement ¶ 1.

Defendant faces a maximum term of twenty years' imprisonment and no minimum term. 21 U.S.C. § 960(b)(3). Defendant also faces a maximum term of three years' supervised release. *Id.* But if the Court determines Defendant meets the criteria set forth in 18 U.S.C. §3553(f)(1)–(5), the statutory minimum does not apply, and the term of supervised release is not more than three years. 18 U.S.C. § 3583(b)(2). Defendant is eligible for a term of probation of one to five years. 18 U.S.C. § 3561(c)(1). In the absence of extraordinary circumstances, the Court must impose one of the following as a condition of probation: a fine, restitution, or period of community service. 18 U.S.C. § 3563(a)(2).

Defendant faces a maximum fine of $1,000,000.00, which she appears unable to pay. 18 U.S.C. § 3571(b); Sealed Second Rev. Prob. Sent'g Rec. at 3. The Court is required to impose a mandatory special assessment of $100.00 per count pursuant to 18 U.S.C. § 3013(a)(2)(A).

7

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth Section 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

Defendant pled guilty to cocaine importation under 21 U.S.C. §§ 952(a), 960(b)(3). Amended Plea Agreement ¶ 1. The applicable Guideline is U.S.S.G. §2D1.1(a)(5), which refers to §2D1.1(c)(8). Under §2D1.1(c)(8), offenses involving between 500 and 2000 grams of cocaine carry a base offense level of twenty-four (24).

Two levels are reduced because Defendant qualifies for the safety-valve reduction in §§2D1.1(b)(18), 5C1.2. Four levels are reduced because Defendant played a minimal role in the offense under §3B1.2(a). These reductions bring Defendant's total adjusted offense level to eighteen (18).

Additionally, three levels are reduced because Defendant timely accepted responsibility under U.S.S.G. §§ 3E1.1(a)–(b). Another two levels are reduced because Defendant qualifies as a zero-point offender under §4C1.1(a). These reductions bring Defendant's total offense level to thirteen (13).

Probation recommends a non-custodial sentence of two years' probation with special conditions and a $100.00 mandatory special assessment. Sealed Second Rev. Prob. Sent'g Rec. at 2. The Government recommends a Guidelines sentence of 12–18 months' imprisonment. Gov't Sent'g Mem. at 3, ECF No. 48. Defense counsel recommends a sentence of time served with no period of supervision. Def. Sent'g Mem. at 1, ECF No. 49. This Court appreciates the sentencing arguments raised by all parties and has considered each in turn.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth Section 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

In urging a sentence of time served, defense counsel directs the Court to the policy statement at U.S.S.G. §5K2.12, which authorizes a downward departure from the applicable Guidelines range "[i]f the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense[.]" U.S.S.G. §5K2.12. The policy statement states "coercion will be sufficiently serious to warrant departure [] when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency." *Id.* Defense counsel argues Defendant faced such threats of physical injury, including death, to herself and her daughter if she did not commit the instant offense. Def. Sent'g Mem. at 15.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth Section 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The parties have not raised arguments regarding unwarranted sentencing disparities in this case. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh Section 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case.

## IV. Conclusion

For the reasons set forth above, the Court sentences Defendant to a non-custodial sentence of time served with no period of supervision and a $100.00 mandatory special assessment. This sentence is sufficient but no greater than necessary to accomplish the purposes of Section 3553(a)(2). The Court does not impose a fine given Defendant's inability to pay. The Court excuses Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d). The Court advises Defendant she may appeal the decision, order, and judgment in her case within fourteen (14) days from entry.

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and Addenda thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.



HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2025
    Brooklyn, New York